The first case scheduled for argument is No. 19-3538, Barger v. First Data Corporation. Mr. Shearer? I'm sorry, you're on mute, sir. You're on mute. Here we go. Thank you, Your Honor. May it please the Court, I am Sean Shearer, counsel for the appellant, Steve Barger. And this is an FMLA case, as I know you know from the briefing. But before the FMLA, when a serious illness struck an individual, they knew that when their vacation time ran out, and their sick time ran out, they were likely going to be terminated. And Congress, to address that issue, and President Clinton, when he of the statute, was to provide job security. And they did that with two entitlements, the entitlement to take leave, and the entitlement to be restored. And they're yin and yang. Without a strong restoration right, the right to take leave is nothing more than the right to not be paid. And so this case is about what the right to restoration means. First Data wants to take back to a world worse than the pre FMLA. We now have FMLA posters, we have employee handbooks with FMLA policies. Would you agree that you shouldn't end up better off than you otherwise would be if you were not on leave? Would you agree with that? I don't. I don't think you would should end up better off. But I think there's going to be a reduction if there's going to be a reduction in force. And if you are working, you'll be part of that reduction in force. Why is that a legitimate thing for an employer to do while you're on leave? Well, I think that the why would a reduction of force I think if the employee if there were criteria that would guarantee that that this individual would be included in a reduction of force, maybe but I don't know why as a policy Congress has chosen that that job security is important. And in this situation, there were approximately 300 individuals out of 30. Mr. Chair, would you agree following up with Judge Bianco's line of questioning, if a company filed for bankruptcy or decided to close an office wholesale, while an individual previously employed there was out on FMLA leave, would that person have the right to demand reemployment at the end of his FMLA leave that they reopen the office or revive the company? Well, I think you're absolutely right. And I don't really see that as consistent with the FMLA. No, I think we have I think we have policies and systems designed to address unsecured creditors. What you would have in that situation is an employee with an unsecured claim for back pay, but also that employee would have an obligation and to mitigate damages that is seek another position. So we have, we handle these things all the time. There are laws that impose liability on on companies for failing to comply. And when we have the systems to deal what we're doing is taking a problem of damage calculation and collection. And because we have an issue in those areas are trying to change the question of liability. And in one day, we've got the cart before the horse. The question is, if you look at the statutory language written by Congress, an individual at the end of leave has the right to be restored if they are not restored. But there is there is a limitation on that right, that individual is entitled only to any right benefit or position to which he would have been entitled. Had he not taken leave, that position isn't there anymore. Because a an FMLA neutral change in the structure of employment. Why does that exception apply? Are you quoting from the regulations? I'm quoting from the statute 2614 a three B. regulations line up with that, of course. Well, no, I think 26 a three B says talks about it is past tense or restored employee. It says a restored employee is not in. And, you know, as the Supreme Court recently in interpreting the definition of the article a and in the last year and interpreting the definition of the term sex for Title Seven, that says that you're supposed to look at the plain meaning of words and you're supposed to look at the standards of usage. And we have we have we have addressed this. This is not like a argument you're making in the sister case. In 2006, we affirmed the district court summary judgment opinion that determined that the FMLA does not require an employer to reinstate an employee who would have lost his position even if he had not taken FMLA leave. So that's the law of the circuit. And that was summary judgment here. You had a trial, you had a trial where a jury decided whether or not they really had a reduction in force, or whether this was some took leave and the jury decided against you. So yeah, but but that's asking the wrong question. That's not what the jury was asked to decide. The jury wasn't asked to decide whether Mr. Barger would have been terminated. Had he been at work, they were asked to decide whether this reduction in force was legitimate or not, whether it whether the reduction in force was legitimate or not, does not answer the question of whether Mr. Barger would have been in it had he been at work. So Mr. Sher, to me you seem to be putting a lot of pressure on the notion that he wasn't otherwise terminated before what would have been the restoration date, and that therefore he should have been restored at the end of his FMLA leave. But do you dispute that he, you know, the jury found that he was scheduled legitimately to be terminated nearly weeks later, let's say three or four weeks, depending on how you count. And so is that where your argument that he should have been restored only to be terminated three weeks later? And if so, what would your damages have been for that little sub-period? Right, well everyone always wants to go to that damages question again to evaluate the liability question. The damages could be equitable relief to be reinstated. It isn't necessarily, you know, damages down the road. And I think to be reinstated in a way that would insulate him from the RIF? Because then you got to remember they chose 300 out of 30,000 employees and contractors across the globe. I mean, that's the client was making over $700,000. It's the 34th highest paid employee. And then my client was a 30-year veteran of senior executive at... Let me go back to what you said. You said the case, the jury wasn't asked the question that I posed, which is the law. At the appendix at 38, the jury instruction said this, that termination therefore was unlawful unless first data proves by the preponderance of the evidence that the plaintiff would have been terminated even if he had not been on leave. I mean, that is like exactly what SISTA says. The law constructed them exactly on the law and they came out against you. They weren't asked some other question. No, I mean, what I'm saying is that the defense raised by first data comes out of the regulation 825-216, which requires him to prove that they would have been terminated prior to. And he turned his note in. And if you look at the right to reinstatement, the right to be restored, section A-4 talks about the right to reinstatement can be conditioned upon providing a return to work certificate. Mr. Barger satisfied all of the conditions to the right to reinstatement. And they selected 300 out of 30,000 individuals. If a company with 150 employees terminated one person, it would be 1%. And that can't insulate them from FMLA liability. What is a RIF? I mean, it's a name we throw around. The question is, why was he in the RIF? And if he was in the RIF because he was returning and we're going to have to start paying his salary again, then that's retaliation. And that's not reflected inside of the instruction. All right. Thank you very much. We'll hear from Mr. Eidelman. Good morning. May it please the court. My name is Gary Eidelman. We saw you in Arnstein and Lear. We represent the Apo Lee First Data Corporation. Appellant's appeal of the jury verdict below purportedly seeks to invalidate an FMLA regulation and challenge Judge Block's jury instructions. None of the appellant's arguments are supported by law or fact and should be rejected. The appellant was accorded a full and fair trial, where 15 witnesses were called, including most of the defendants' witnesses in the plaintiff's case in chief, and 96 exhibits were admitted into evidence. There was no evidence admitted at trial that Mr. Barger's leave had anything to do with the decision by First Data to include him in the RIF that impacted 362 highly compensated employees. Most importantly, Mr. Barger testified to the jury that his leave, he did not believe his leave was the reason why he was terminated. It is also telling that nowhere in the appellant's briefs do they note the fact that was throughout this trial that the decision to include Mr. Barger in the reduction in force was made prior to the time that he submitted his return to work This case is all about the regulation that your honors referred to, 29 CFR 825-216, which provides that there are limitations on the right to restoration. The verdict of the jury should be affirmed. But your honors, the substantive arguments that we're talking about, you really don't even need to get into. Because of the failure by the appellant to preserve the issues that he is addressing with this court at trial. What he, in essence, is trying to... Gentlemen, he did, he wrote a letter to the judge making what I understand to be his argument today. And it did seem to me like he re-raised it at the jury charge conference. And that argument, as I understand it, is, look, there's a little bit of a temporal gap in the second sentence of the regulation at section 825.216 in the sense that the employer is protected if they can show that the employee in question would not have been employed anymore at the time reinstatement is requested. But the reg, it doesn't speak expressly to the situation where an employee would technically still be employed when reinstatement is requested, but nevertheless is slated for termination for neutral reasons a mere three weeks later. And so, is he right on the merits that the district court judge's instructions did not capture that temporal oddity? And if so, what does that mean? Judge Comerty, I don't believe so. I don't believe that's a valid argument. And I don't think it accurately reflects what the limitation on restoration is about. It is undisputed that Mr. Barger's name had appeared on reduction in force lift as early as November. And the decision, the decision to include him in the reduction in force was made prior to the time that he was restored. That's no different than any other employee who may not have been on leave. Those 362 names were all derived at the same time. The fact that he was notified some days later doesn't take away from the fact that the legitimate decision that was made by the employer was to include him in the RIF for reasons having nothing to do with him being on leave. And there was no evidence in the record that First Data considered that. And Judge Block's instruction actually sets forth, as Judge Bianco reflected, what the law is regarding the FMLA and this instruction. And it made abundantly clear to the jury that First Data had the affirmative defense. Judge Block first instructs the jury and says, Mr. Barger's termination would have been unlawful unless First Data met its burden of proving by a preponderance of the evidence that the plaintiff would have been terminated if he had not been on leave. That's exactly what the regulation said, and that is what the evidence showed. But then the regulation, the instruction does go further and again reiterates and instructs the jury. The jury finds that this was an excuse somehow. Let me just focus us very specifically on sentence 2 of 825.216. It says that in order to deny restoration to employment, the employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested. And I think what wanted from the district court was an instruction saying that in order to deny full restoration, you would have had to show that Mr. Barger would not have been employed at the time reinstatement was requested rather than three weeks later. And so why was it not error to omit to give that instruction? Because the instruction captured what 825 does say. And I see the employer did in this case demonstrate and show that he would not have been employed at that time. So the fact that the decision was made. He was employed at that time. He was on a kind of garden leave, right? But he wasn't restored to all of the conditions of employment in the mere sense that he wasn't in the office running the sales training department as he otherwise would have been. So are you saying that the garden leave period actually counts as restoration? We are not saying that it counts as restoration, Your Honor, nor do I think we need to say that. If one looks at both the Sista case and the Woods case, where this court said that the right to in that particular case, the employee ultimately was terminated because of threats. But what happened in that case as well is that there was a period of time by which the plaintiff was notified and then he was placed on some form of unpaid leave. Here, that's what happened. And to the extent Mr. Barger was afforded his full rights under the FMLA, and frankly, got even greater rights because the company did continue to compensate him for a longer period of time. The evidence showed at trial that the reason that was done was so that he could invest in another tranche of stock. But his full rights under Section 214 of the regs would have included not only the restoration of his benefits and pay, but also the full conditions of his employment. And it's a hyper-technical argument, I think, that the plaintiff is or the appellant is making. But I think he's saying that for that three-week stub period before the RIF became effective, that the appellant was not restored to the full conditions of his employment in the sense that he was home instead of running the department. Well, if we're referring to, are you referring to 825-214, Your Honor? 214, yes. The reason 214 doesn't apply, 214 is limited to the circumstances where someone has been replaced or their position has been restructured. Neither of those things happened here. That regulation is inapplicable. Mr. Barger's position was eliminated. That was the decision that was made as part of the reduction in force, and nor was his position restructured. So 214 has absolutely no applicability to this case, Judge. But what does, what is applied is... The first sentence of 214 has no applicability? I understand your argument about the second sentence, about what happens if there's a restructuring to accommodate the employee's absence. But does that render the first sentence of 214 inapplicable? Well, Your Honor, 214 states what the law says, right? That's what the FMLA says, that upon, that employee has a right to be restored. That's been the law of the FMLA from the beginning, but there have always been the limitations on the right to restoration. And I understand the technical argument that is attempting to be made here, but we think it was no moment, because fundamentally, what Mr. Barger was required to prove is that First Data interfered with his right to be restored because he took FMLA leave, and then retaliated against him because he submitted a doctor's note. It's the same thing. The evidence at trial was not there. What his claim is, is that I submitted a doctor's note, and the company terminated me,  the jury understood, and the instructions clarified, and their sister does this, the Woods case talks about this, that this is really the same. It's really two sides of the same coin, making the same argument relating to interference and retaliation. But fundamentally, the regulation regarding limitation on the right to restoration is what the jury was instructed, and that's what the jury heard at trial. I would say, Your Honor, and you were mentioning about the letter that Appellant's Counsel submitted to the court, that related to objections to the jury instructions, but fundamentally, the claim that's being made here regarding the FMLA, there was no Rule 50 motion that was made at trial, and therefore, in this court, in the Omega case in 2021, said an appellant cannot revive claims on summary judgment without making a Rule 50 argument. Motion, excuse me. I see that my time has expired, Your Honors. Yes, why don't you take a moment to wrap up if you would like, but I think we have your argument. Thank you, Your Honor. We do not believe that the jury verdict below should, in fact, have been reformed. This is a full and fair trial, a complete trial. Judge Block's instructions properly stated the law regarding the FMLA, First State of Meditzburg regarding the affirmative defense. Thank you. Thank you very much. Mr. Sherry, you have two minutes of rebuttal. All right, thank you, Your Honor. I just want to address real quick the Sista case. In that situation, you had an individual who was subject to termination for violations prior to taking leave. In this situation, there was no indication Mr. Barger would have been terminated, if there was any reason to terminate him prior to leave. And in this case, he turned in his note, satisfied all conditions to return. And there's evidence that his position was replaced and restructured. That's a question for the jury that was not asked. But my final point is, everyone, and Mr. Eidelman did it, and I've been asked this as well from the panel, it focuses on, was he terminated because he took leave? But there's the other entitlement to also consider. Was he terminated because he wanted to be restored? And if you look at the reasons that are given for the reduction in force, it is to save future salary expense. Mr. Barger, had he stayed on leave, and they have given definite leave so people can receive their long-term disability benefits. Mr. Barger could have taken leave until, put him out the pasture, recollected all of his money from the insurance company. But, and that would have been no cost to First Data. It was only when Mr. Barger brought his note in and said, I'm coming back, that First Data knew that they were going to have to pay him in the future. And when they decided to terminate him, because they didn't want to pay him in the future, that is retaliation for exercising your right to restoration. There is no criteria in this RIF other than an executive's random decision. He was fired because they didn't want to pay him. That is exactly what the FMLA was adopted to avoid. And it's not fired because he took leave. It's fired because he wanted to come back and they didn't want to pay him. That's a violation. Thank you, Your Honor. Thank you very much. Thank you. We have the arguments. We'll reserve decision. Thank you.